IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TAVON M. MOUZONE,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No. DLB-25-624** |
| **HOLLY HOOVER,** *et al.*, | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Tavon M. Mouzone, a prisoner currently incarcerated at North Branch Correctional Institution ("NBCI") who is proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Holly Hoover, Kristine Swick, Kimberly Fazenbaker, Dr. Ernest Uzicanin, and YesCare Corp. ("YesCare").[1] Mouzone alleges that the defendants failed to provide him with necessary medical care in violation of his Eighth Amendment rights. Hoover, Fazenbaker, and Dr. Uzicanin have filed a motion to dismiss or, in the alternative, for summary judgment. ECF 10. Swick also has filed a motion to dismiss or, in the alternative, for summary judgment. ECF 17. Mouzone opposes the motions. ECF 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the defendants' motions, treated as motions to dismiss, are granted.

I.     **Background**

Mouzone alleges the following in his complaint.

---

[1] The Clerk shall amend the docket to reflect the full and correct names of the defendants. Although it is unclear whether Mouzone intended to sue YesCare, the Court liberally construes Mouzone's complaint to assert a claim against YesCare because the phrase "Medical yescare" is included among the listed defendants in the complaint's caption. The Clerk also shall amend the docket to reflect that YesCare was named as a separate defendant.

In March 2024, Mouzone began experiencing shoulder pain. ECF 1, at 2. After filling out multiple sick call slips, he was seen by Swick. *Id.* Swick observed swelling on Mouzone's right shoulder and acknowledged Mouzone's pain. *Id.* She sent Mouzone back to his cell. *Id.* After this visit, Mouzone "continued to fill out sick call slips, most times without them being acknowledged, so [he] dealt with the pain." *Id.* at 2–3.

On July 30, 2024, Mouzone had an appointment with Dr. Uzicanin. *Id.* at 3. Dr. Uzicanin diagnosed Mouzone with a "torn rotator cu[ff] an[d] AC [acromioclavicular] joint in right sho[u]lder." *Id.* Dr. Uzicanin did not give Mouzone any pain medication and instead told him that he would refer him for physical therapy. *Id.* Mouzone "told him [he] was in to[o] much pain for physical therapy." *Id.* Mouzone continued to put in sick call slips after this appointment. *Id.*

On August 5, 2024, Mouzone "woke up and could not move [his] right arm." *Id.* Another prisoner "refused to lock hi[m]self in [his] cell until [Mouzone] was given medical attention." *Id.* Mouzone was taken to medical where he was seen by Hoover. *Id.* Hoover also diagnosed Mouzone with a "torn rotator." *Id.* Mouzone "asked for an M.R.I. and also surgery," which he "was later denied," and he asked to "see a specialist to determine what[']s the problem & what should be done[.]" *Id.* Mouzone was "approved for physical therapy" and given "600 mg [ibuprofens]." *Id.*

After this appointment, Mouzone submitted more sick call slips, in which he complained "that the pain was affecting other parts of [his] body" and that the ibuprofen was not working. *Id.*

Mouzone states that he "was placed in more pain by goin[g] through physical therapy," even though he had explained that the physical therapy caused him pain, that it was not helping, and that the medication was ineffective and made his stomach hurt. *Id.* at 3–4.

On December 14, 2024, Mouzone again "woke up and could not move [his] right arm[.]" *Id.* at 4. Mouzone told a sergeant "what the issue was," and the sergeant "informed medical." *Id.*

2

Fazenbaker told the sergeant that it was "not an emergency" and that Mouzone "needed to fill out a sick call slip[.]" *Id.* Mouzone and two other prisoners held "feed up slot[s]" open until the issue was brought to the attention of the building lieutenant. *Id.* The lieutenant escorted Mouzone to medical, where the lieutenant told Fazenbaker that she "need[ed]" to evaluate Mouzone. *Id.* Fazenbaker again stated that it was not an emergency. *Id.* The lieutenant replied that Mouzone had a lump on his right shoulder. *Id.* Fazenbaker "came fussing," and Mouzone "did not get evaluated." *Id.*

On January 13, 2025, Mouzone's "whole right side went paral[y]zed and [he] fell[.]" *Id.* Medical was called, but Mouzone was again told "to fill out a sick call [slip]." *Id.* Between February 1 and February 8, 2025, Mouzone was seen again by Fazenbaker, who told him "point blank [that] she [couldn't] do nothing for [him]." *Id.* On February 10, 2025, Mouzone was taken to University of Pittsburgh Medical Center ("UPMC") for an MRI.[2] *Id.*

On February 24, 2025, Mouzone filed this suit. He seeks $150,000 in damages from each defendant. He also seeks injunctive relief: the removal of Dr. Uzicanin, Swick, Fazenbaker, and Hoover from NBCI's medical staff; an order directing NBCI medical personnel to "prescribe pain relief medication consistent with [his] injury [to his] right shoulder"; and the appointment of new medical personnel at NBCI. *Id.* at 5.

Mouzone has attached two sick call slips to his complaint from September 2024 and January 2025 in which he complained of shoulder pain and said, variously, that a "bone [was] sticking out of [his] right shoulder," he could not do "recommended exercises," his ibuprofen was not working, and he needed surgery. ECF 1-2, at 1–2. He also has attached a record of a November

---

[2] The Court takes judicial notice of the fact that UPMC has a location in Cumberland, Maryland, which also is where NBCI is located. *See UPMC Western Maryland*, UPMC, https://www.upmc.com/locations/hospitals/western-maryland (last visited Mar. 17, 2026).

6, 2024 medical appointment in which the provider stated that Mouzone had shoulder pain and reported that physical therapy was "doing nothing to improve" it. ECF 1-3, at 1. The record also reflects that Mouzone underwent an x-ray which "demonstrated [a] widened AC joint." *Id.*[3]

## II.     Standard of Review

The defendants have moved to dismiss Mouzone's complaint for failure to state a claim or, in the alternative, for summary judgment. Because the Court resolves the motion without relying on the evidence presented, the Court treats the motions as motions to dismiss. *See* Fed. R. Civ. P. 12(d).

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and

---

[3] Mouzone also attached a copy of a prison grievance to his complaint. *See* ECF 1-1. Because Mouzone does not make clear whether he attached this grievance to elaborate on his allegations or simply to show that he pursued his administrative remedies before filing suit, it would not be appropriate to take the contents of the grievance as true for purposes of ruling on the motion to dismiss. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016) (explaining that "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true" and that "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it"). But even if the Court were to take the allegations in the grievance as true, Mouzone still would not state a deliberate indifference claim against any of the defendants.

the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations as true and "draw all reasonable inferences in favor of" the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). But the court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015); Fed. R. Evid. 201(b).

Mouzone does not have counsel. "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the court must construe pro se

pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 214).[4]

## III. Discussion

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived them of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 45 n.3, 48 (1988) (quoting 42 U.S.C. § 1983).

Mouzone claims that all defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. "The Eighth Amendment protects prisoners from

---

[4] Mouzone makes additional allegations in his opposition. The Court does not consider these allegations in ruling on the defendants' motions because Mouzone cannot amend his complaint through his opposition. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

'unnecessary and wanton infliction of pain.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment, the government must "provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 103. To prevail on a claim based on the denial of medical care, a plaintiff must establish that the defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs." *See id.* at 106; *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). A prison medical provider is deliberately indifferent to a serious medical need if, objectively, the prisoner was suffering from a serious medical need and, subjectively, the provider was aware of the prisoner's need for medical attention and failed to either provide such care or to ensure care was available. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994). In other words, the provider must have been subjectively reckless in treating or failing to treat the medical condition. *See id.* at 839–40.

"True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met "through direct evidence of . . . actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence 'that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (quoting *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015)). If subjective knowledge is established,

7

officials may avoid liability "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844; *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016) ("[A] prison official's response to a known threat to inmate safety must be reasonable."). The reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998)). "[N]egligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference[.]" *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998). And, a "mere '[d]isagreement[] between an inmate and a physician over the inmate's proper medical care'" does not establish an Eighth Amendment violation "absent exceptional circumstances." *Scinto*, 841 F.3d at 225 (first alteration in *Scinto*) (quoting *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)). Further, the inmate's right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

### A.    Claim Against YesCare

Mouzone appears to claim that YesCare was deliberately indifferent to his medical needs. No one has entered an appearance and responded to the complaint on behalf of YesCare. Nevertheless, the Court must review the adequacy of Mouzone's allegations against YesCare because Mouzone has filed this suit without prepayment of the filing fee. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b) (requiring dismissal of any complaint accepted for filing without a prepaid filing fee that is frivolous, malicious, or fails to state a claim on which relief may be granted to guard against possible abuse of this privilege).

8

A private corporation that acts on behalf of a state actor, such as YesCare, may be found liable under a *Monell* theory of liability under limited circumstances. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (municipal liability under § 1983); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (liability of a private corporation under § 1983). To state a *Monell* claim against a private corporation acting under color of state law, the plaintiff must "identify a . . . 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A policy or custom may be established in any of four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)). An entity "may not be held liable under § 1983 solely because it employs a tortfeasor," and the court will not impose liability "under a theory of *respondeat superior*." *Bd. of Cnty. Comm'rs*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 694); *see Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (noting that liability of a private corporation under § 1983/*Monell*, like local government liability under § 1983/*Monell*, requires more than *respondeat superior*).

Mouzone fails to state a claim for deliberate indifference against YesCare. He makes no specific allegations about how YesCare was responsible for any of his injuries. Even if he had, he still fails to allege that his injuries arose from a YesCare policy or custom. Mouzone identifies no written policy, decision of a YesCare employee with final decisionmaking authority, omission that manifested deliberate indifference to inmate medical care, or widespread practice among YesCare personnel that caused the allegedly inadequate treatment he received for his shoulder pain.

Mouzone thus fails to plausibly allege that YesCare was deliberately indifferent to his medical needs.

Any claim against YesCare is dismissed without prejudice.

**B.      Claim Against Swick**

Mouzone claims that Swick was deliberately indifferent to his medical needs. Mouzone's only specific allegation against Swick is that he came to her with shoulder pain, she observed swelling in his shoulder, she acknowledged his pain, and she sent him back to his cell. These allegations fail to state a claim for deliberate indifference. Whereas elsewhere in his complaint Mouzone alleges that other defendants denied him specific care or particular treatments, Mouzone does not describe the treatment that Swick did or did not provide. From Mouzone's barebones allegations, the Court cannot plausibly infer that Swick was deliberately indifferent to Mouzone's medical needs.

Mouzone's claim against Swick is dismissed without prejudice.

**C.      Claim Against Dr. Uzicanin**

Mouzone claims that Dr. Uzicanin was deliberately indifferent to his medical needs. Mouzone alleges that he presented to Dr. Uzicanin with a torn rotator cuff and problems with his AC joint. This is an objectively serious medical need, and Mouzone plausibly alleges that Dr. Uzicanin, who made the diagnosis, was aware of his condition.

However, Mouzone does not plausibly allege that Dr. Uzicanin failed to provide him with medically necessary care. Mouzone alleges that Dr. Uzicanin did not prescribe him pain medication and instead referred him for physical therapy, even though Mouzone told Dr. Uzicanin that he was in too much pain for physical therapy. At best, this allegation suggests that Mouzone disagreed with Dr. Uzicanin's medical judgment about how to most effectively treat his shoulder

injury. But the mere fact that Mouzone wanted a different course of treatment than the one Dr. Uzicanin prescribed does not plausibly allege that Dr. Uzicanin negligently, let alone recklessly, disregarded Mouzone's need for medical treatment.

Mouzone's claim against Dr. Uzicanin is dismissed without prejudice.

**D.      Claim Against Hoover**

Mouzone claims that Hoover was deliberately indifferent to his medical needs. Mouzone alleges that, after he woke up unable to move his arm, Hoover diagnosed him with a torn rotator cuff, approved him for physical therapy, and gave him ibuprofen. Mouzone also appears to allege that he wanted other kinds of treatment—including surgery, an MRI, and examination by a specialist—but that his requests were "later" denied. ECF 1, at 3. Once again, Mouzone has plausibly alleged both a serious injury and that Hoover was aware of his condition. But he fails to plausibly allege that Hoover acted with deliberate indifference. Mouzone does not explain why physical therapy and ibuprofen was an unreasonable way for Hoover to treat his injury in light of what she knew when she examined him. Nor does he explain why his injury could only be treated effectively with surgery, an MRI, and/or specialized care.[5] Once again, Mouzone's allegations at best suggest that he disagreed with a provider's treatment decision—which does not state a claim of deliberate indifference. Moreover, even if Mouzone had alleged sufficient facts to indicate that the treatments he sought were medically necessary, he fails to allege that Hoover was responsible for his failure to receive them. Though his allegations are not entirely clear, Mouzone appears to

---

[5] To be sure, Mouzone alleges that physical therapy and ibuprofen ultimately did not alleviate his shoulder pain. But the fact that, in hindsight, a treatment proved ineffective does not support a finding of deliberate indifference. *See, e.g.*, *Moreno v. Bosholm*, 151 F.4th 543, 574 (4th Cir. 2025) ("At bottom, [the plaintiff's] speculation about an alternative approach to his treatment that could have averted his injuries is not the same thing as coming forward with evidence that would permit a jury to find that [the defendant] deliberately disregarded a known risk to [the plaintiff's] health[.]").

allege only that these treatments were denied at some point after he met with Hoover. Mouzone does not say that Hoover denied him those treatments or otherwise interfered with his attempts to access them.

Mouzone's claim against Hoover is dismissed without prejudice.

### E.    Claim Against Fazenbaker

Finally, Mouzone claims that Fazenbaker was deliberately indifferent to his medical needs on two occasions.

First, Mouzone alleges that Fazenbaker refused to evaluate him immediately after he woke up one morning again unable to move his arm. Being unable to move one's arm is an objectively serious medical need. The Court can plausibly infer that Fazenbaker was aware that Mouzone's mobility was limited, since Mouzone alleges that he brought this issue to the attention of a sergeant and lieutenant, who in turn informed Fazenbaker. But once again, Mouzone fails to allege that Fazenbaker acted with deliberate indifference. Mouzone does not allege that Fazenbaker refused to treat him *at all*; instead, he alleges that Fazenbaker refused to treat him *on an emergency basis* and instead told him to submit a sick call slip in the normal course. Mouzone provides no facts from which the Court could plausibly infer that Fazenbaker acted recklessly or even negligently in concluding that Mouzone's inability to move his arm was not an emergency. Mouzone may have disagreed with Fazenbaker's assessment, but such disagreement does not amount to an Eighth Amendment violation. *See, e.g.*, *Sears v. Price*, No. 5:11-CT-3208-FL, 2014 WL 1266830, at *18 (E.D.N.C. Mar. 26, 2014) ("To the extent plaintiff disagrees with the assessment that his dental condition was not an emergency or an abscess, such disagreement fails to state a constitutional claim."); *Godfrey v. Russell*, No. 7:14CV00476, 2015 WL 5657037, at *7 (W.D. Va. Sept. 24, 2015) ("Clearly, [the plaintiff] disagrees with the defendants' professional decisions . . .

12

[including] their decisions to monitor him in med seg only temporarily, rather than holding him there long term or seeking emergency or other specialized care or testing. [The plaintiff's] mere disagreement with these medical judgments, however, is not sufficient to support a plausible inference of deliberate indifference."), *aff'd*, 667 F. App'x 68 (4th Cir. 2016).

Second, Mouzone alleges that in early February 2025, when he was taken to medical for shoulder pain, Fazenbaker told him that there was nothing she could do for him. Mouzone provides no context for this statement. He does not say what Fazenbaker knew about his condition, whether Fazenbaker assessed him, why she told him there was nothing she could do for him, or what (if anything) they discussed before she made that comment. On such sparse allegations, the Court cannot infer that Fazenbaker's comment reflected a reckless disregard of Mouzone's medical needs.

Mouzone's claim against Fazenbaker is dismissed without prejudice.

## IV.    Conclusion

The defendants' motions, treated as motions to dismiss, are granted. Mouzone's claims against all defendants are dismissed without prejudice. A separate Order follows.

Date: March 17, 2026

_____
Deborah L. Boardman
United States District Judge